■ DOREEN E. BANKS, Appellant, v JOHN W. MATTHEWS et al., Respondents. [600 NYS2d 148] —In an action for a judgment declaring, *inter alia,* that the plaintiff was elected County Clerk of Nassau County for a full four-year term of office expiring December 31, 1996, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), entered June 25, 1993, which, upon a decision of the same court dated June 21, 1993, denying the plaintiff's motion for summary judgment and, upon searching the record, granting summary judgment to the defendants, dismissed the complaint.

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the plaintiff's term of office as County Clerk of Nassau County expires on December 31, 1993; as so modified, the judgment is affirmed, with costs to the defendant Angelo Delligatti.

The material issues of fact are not in dispute in this case. Harold McConnell was elected to the office of County Clerk of Nassau County, in the November 1989 general election. He was elected to a four-year term commencing January 1, 1990, and expiring December 31, 1993. He resigned his office on September 17, 1992, thereby creating a vacancy.

No appointment to fill the vacancy was thereafter made or attempted to be made by any public officer or body. Accordingly, for the purposes of the general election held on November 3, 1992, the plaintiff, Doreen Banks, became the candidate

of the Democratic Party for the position of County Clerk of Nassau County. The plaintiff won that election, defeating a Republican Party opponent.

On November 30, 1992, the plaintiff executed and filed her oath of office and assumed the duties of County Clerk. Soon thereafter, a dispute arose as to whether the plaintiff's term of office was only to fill the remainder of McConnell's unexpired term (i.e., until December 31, 1993), or was to be a full four-year term. Seeking to clarify her status, in April 1993 the plaintiff commenced this action seeking a judgment declaring, *inter alia,* that she was elected for a full four-year term of office expiring on December 31, 1996. The plaintiff also sought a declaration that any provision of the Nassau County Charter which purported to limit her term of office to anything less than a four-year term was "unconstitutional, unlawful, invalid, and inconsistent with the laws of New York State".

The two Commissioners of the Nassau County Board of Elections served separate answers. Commissioner Delligatti (Republican Party) opposed the plaintiff's complaint, while Commissioner Matthews (Democratic Party) supported the plaintiff and requested that the relief be granted.

The only issue to be decided in this case is whether the plaintiff was elected for a full four-year term, or whether she was elected merely to fill the unexpired term of McConnell's term.

We reject the plaintiff's contention that County Law § 400 mandates that she is entitled to a full four-year term. Since County Law § 400 (7) is silent if the Governor does not exercise his power of appointment thereunder, there is no direct conflict between County Law § 400 (7) and Nassau County Charter § 2302. Thus, inasmuch as Nassau County Charter § 2302 has specific provisions applicable to the case at bar, they should control. Nassau County Charter § 2302 clearly provides that one elected in a situation such as the plaintiff's is only entitled to fulfill an unexpired term. Furthermore, the plaintiff's assumption of office *prior* to the commencement of the date specified in County Law § 400 (1), is inconsistent with her serving a full four-year term, and would result in the plaintiff serving longer than four years.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration that the plaintiff's term of office expires on December 31, 1993, rather than dismissal of the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert*

*denied* 371 US 901). Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.